**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCOS TORRES,

      Petitioner-Appellant,

v.

JOSEPH BROOKS and FEDERAL
BUREAU OF PRISONS,

      Respondents-Appellees.

No. 99-1321
(D.C. No. 99-Z-708)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Marcos Torres ("Torres"), a federal inmate appearing

pro se, appeals the district court's order dismissing his petition for habeas relief

under 28 U.S.C. § 2241. Torres argues that he is entitled to credit toward his

federal sentence for time spent in state custody. After reviewing the record and

Torres' arguments, we affirm the district court.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

On February 8, 1993, while Torres was in state custody, he appeared in federal court pursuant to a writ of habeas corpus ad prosequendum. Torres pled guilty in the United States District Court for the District of Kansas to conspiracy to possess with intent to distribute cocaine. In his plea agreement, the government agreed "not to oppose the defendant receiving credit for time served for any period of incarceration creditable to him under the law." On February 18, 1994, Torres was sentenced to 168 months of imprisonment for the federal charge. The Judgment in a Criminal Case is silent on whether or not the federal sentence runs concurrently or consecutively to the state sentence and makes no mention of credit for prior custody; however, Torres claims that the district judge orally granted him jail credit for the time he spent in state custody prior to commencement of his federal sentence. (See Aplt. Br. at 3.)

After receiving his federal sentence, Torres was returned to state custody until March 14, 1994, when he was paroled by the state authorities. At that time, he was returned to federal custody to begin serving his federal sentence. The Bureau of Prisons (BOP) originally calculated Torres' sentence as beginning on February 18, 1994, and credited him with 375 days of jail credit. (See Pet'r Br., Ex. G.) The BOP later recalculated Torres' sentence as beginning on March 14, 1994, and did not credit him with any jail credit. (See id.)

Torres does not appear to challenge the BOP's recalculation of the commencement date of his sentence as March 14, 1994; however, he does challenge the BOP's denial of credit against his federal sentence for the time he was incarcerated by the state prior to commencement of his federal sentence, because the federal charges prevented his release on the state charges. Torres claims he is entitled to 733 days of credit or, in the alternative, at least 365 days of credit. The claim of at least 365 days apparently refers to the time between February 8, 1993, when Torres first appeared in federal court, and March 14, 1994, when the federal sentence commenced. Torres does not indicate the basis of his claim for the remaining days that would give him 733 total days of credit. We agree with the district court that the record indicates that Torres has only exhausted his administrative remedies with respect to the claim of at least 365 days. He has not exhausted his administrative remedies regarding the claim for additional days of credit. Therefore, we affirm the district court's decision not to consider the claim for those additional days.

In support of his claim for at least 365 days of credit, Torres relies on the plea agreement he made with the government and the alleged statement by the district judge that Torres would receive credit for those days. Neither the plea agreement nor a statement by the district judge that Torres would receive those days of credit lead to the result Torres seeks. The plea agreement states only that

the government agreed not to oppose Torres receiving credit for time served for any period of incarceration creditable to him under the law. The 365+ days of credit sought by Torres are not creditable to him under the law. The relevant statute regarding credit toward service of a term of imprisonment provides:

> **(b) Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The 365+ days of credit sought by Torres were credited against his state sentence; therefore, they are not creditable to him under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

A statement by the district judge that Torres should receive credit for the time spent in state custody prior to commencement of his federal sentence cannot alter that result. The Supreme Court held in Wilson that the district court cannot perform the necessary calculation under 18 U.S.C. § 3585(b) at the time of

sentencing; rather it is the Attorney General, through the BOP, that must make that calculation. See id. at 333, 336. Therefore, a district judge's statement regarding a credit calculation under 18 U.S.C. § 3585(b) is not binding on the BOP. Therefore, per the BOP's calculation under 18 U.S.C. § 3585, Torres is not entitled to credit for the time spent in state custody prior to commencement of his federal sentence.

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge